UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GUADALUPE LUCERO, as Next Friend
of ADAN LUCERO, et al.,**

      **Plaintiffs,**

                                 **Case No. 01-CV-72792-DT**
v.                                            **Honorable Denise Page Hood**

**DETROIT PUBLIC SCHOOLS,
a Municipal Corporation, et al.,**

      **Defendants.**

_____/

**MEMORANDUM OPINION & ORDER REGARDING PLAINTIFFS' PETITION FOR
ATTORNEY'S FEES AND OTHER POST-SETTLEMENT MOTIONS**

**I. INTRODUCTION**

This matter is before the Court on three separate motions. Plaintiffs filed a Petition for Attorneys' Fees and Costs Pursuant to 42 U.S.C. § 1988 on October 22, 2004. Defendants filed a Brief in Opposition to Motion for Attorney Fees on November 19, 2004.[1] Plaintiffs have not filed a Reply.

The second motion presently before the Court is Defendants' Motion to Set Aside the Final Order and Settlement Agreement, filed October 25, 2004. Plaintiffs filed a Response on November 22, 2004, to which Defendants replied on December 3, 2004.

The final motion before the Court is Defendants' Motion to Enforce Settlement, filed November 19, 2004. Plaintiffs filed their Response on December 9, 2004. Defendants thereafter

---

[1] Plaintiffs' filing was entitled a "petition" rather than a "motion." However, it is clear that Defendants are responding to Plaintiffs' Petition.

filed a Reply Brief on December 21, 2004.

There are two main issues that dominate all three Motions: (1) does the settlement agreement preclude Plaintiffs from seeking attorney's fees and costs; and if not, (2) whether the Plaintiffs are "prevailing parties" within the meaning of 42 U.S.C. § 1988, so that they are entitled to such fees and costs, provided that they are reasonable.

For the reasons that follow, the Court holds that the settlement agreement precludes Plaintiffs from now seeking attorney's fees and costs. Because the settlement agreement bars Plaintiffs' Petition, the Court need not address whether the Plaintiffs are, on account of the settlement agreement, the prevailing parties in this matter. The Court therefore denies Plaintiffs' Petition for Attorneys' Fees and Costs, Defendants' Motion to Set Aside, and Defendants' Motion to Enforce as being moot.

## II. STATEMENT OF FACTS

The underlying facts giving rise to this case are well presented in this Court's prior decision denying Plaintiffs' Motion for Preliminary Injunction. *See Lucero v. Detroit Pub. Schs.*, 160 F. Supp.2d 767 (E.D. Mich. 2001). The subsequent procedural facts are set forth below.

Attorneys for Plaintiffs and for Defendants worked zealously on behalf of their clients throughout the negotiations to craft a settlement. After nearly 20 separate settlement conferences in this matter, the Parties agreed to settle their claims on August 9, 2004. The settlement agreement constituted a detailed and broad plan for monitoring the New Beard School,[2] requiring Defendants to take various actions, enforceable in this Court for a stated period of time. On October 7, 2004, the Court entered a final Order of Dismissal, incorporating all of the terms of the settlement

---

[2] The New Beard School is now known as the Roberto Clemente Learning Academy.

2

agreement.

During the initial settlement negotiations, no mention was made of fees and costs. (Defs.' Mot. to Set Aside at 4). However, Plaintiffs did raise this issue in the early stages of negotiations. A later proposed agreement sent by Plaintiffs presented the issue in writing. In early November of 2002, Plaintiffs sent Defendants a revised settlement proposal that included the following provision at paragraph VI A(2):

> Upon entry of the agreement into the record, this case would be dismissed in its entirety with prejudice. However, as noted below, the Court will retain jurisdiction to enforce the settlement agreement. In addition, the parties retain their right to seek attorneys' fees.

Later that month, "Defense counsel made it clear to Plaintiffs' counsel and also to the Court that under no circumstances would the District agree to pay Plaintiffs' attorney fees or enter into an arrangement where the Court would decide the parties' attorney fees." (Defs.' Mot. to Set Aside at 5; id. at Ex. 8).

In mid-November, Plaintiffs again submitted a proposed settlement to Defendants containing a provision reserving the right to seek attorney's fees and costs. (Id. at 5-6). Once again, Defendants indicated that such a provision would be a "deal-breaker." (Id. at 6). Defendants then submitted their own proposed settlement, containing the following provision, "[t]he Settlement Agreement will include a prohibition against either party seeking attorney fees . . . ." (Pls.' Br. in Opp. to Defs.' Mot. to Set Aside at 4). Defendants later dropped this provision in subsequent settlement discussions.

On December 17, 2003, more than one year later, Plaintiffs submitted another revised agreement. This proposal did not include a provision relating to attorney's fees and costs, but limited the Court's continuing jurisdiction to "enforce[ment] [of] the settlement agreement." (Id.)

(internal citation omitted).

Throughout 2004, the Parties continued to conduct settlement negotiations. Defendants claim that at no time during the 2004 negotiations was the subject of attorney's fees and costs discussed again. Defendants argue this led to the belief that the issue had been resolved and that Plaintiffs had willingly foregone their right to seek an award from the Court. (Id. at 7). Defendants cite three key points buttressing their claim that their belief was indeed reasonable in light of the facts:

> 1)   Defendants had adamantly asserted that under no circumstances would they pay fees and costs or agree to allow the Court to decide this issue.
> 2)   Discussions resumed after Plaintiffs removed the provisions pertaining to fees and costs from their proposed settlement agreement.
> 3)   Indeed, it was in large part that deletion along with Plaintiffs dropping their claim that they were entitled to a consent judgment that allowed settlement discussions to proceed. Prior to the filing of the suit, Defendants had agreed to most of what Plaintiffs wanted, other than attorney fees and shutting down the School. As this Court will recall, Defendants throughout negotiations made it crystal clear that the payment of fees and costs or allowing the Court to order or decide any such payments was an absolute deal breaker. If Plaintiffs insisted on same, there could be no settlement.

(Id.) (internal citation omitted). Plaintiffs maintain that throughout the duration of the settlement negotiations, a period of over three years, "[a]t no time did Plaintiffs ever indicate in any form, verbal or written, that they would agree to waive their statutory right to seek attorney's fees." (Id.)

After reaching a tentative agreement in July of 2004, the Parties agreed that Plaintiffs would draft the settlement documents, with Defendants providing input as necessary. (Id. at 8.) The section originally containing the attorney's fees and costs provision, entitled Enforceability of Settlement Agreement, was silent on the issue. (Id.) The provision expressly limited the Court's continuing jurisdiction to enforcing the settlement. (Id.)

On October 7, 2004, this Court conducted a hearing where the class members and counsel

4

for Plaintiffs and Defendants were present. The Court asked if there were any other issues that needed to be discussed with respect to settling the case. No one raised a concern at that time. On October 22, 2004, Plaintiffs submitted their Petition for attorney's fees and costs. Defendants responded by filing a Motion to Set Aside, on October 25, 2004, and a Motion to Enforce, on November 19, 2004.

## III. STANDARD OF REVIEW

Petitions for attorney's fees and costs are statutorily authorized in civil rights cases. The Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

This statutory right belongs to the clients who are the prevailing party, not their attorneys. *See, e.g., Venegas v. Mitchell*, 495 U.S.C 82, 87-88 (1990). In *Venegas*, the Supreme Court stated that "[b]ecause it is the party, rather than the lawyer, who is so eligible . . . it is the party's entitlement to receive the fees in the appropriate case, so have we recognized that as far as § 1988 is concerned, it is the party's right to waive, settle, or negotiate that eligibility." *Id.*

## IV. APPLICABLE LAW & ANALYSIS

### A. Rule 23(h) Notice

As a preliminary matter, Defendants point out that Fed. R. Civ. P. 23(h) requires that notice of any motion for fees be sent to the members of a class action. Rule 23(h), a new provision adopted in 2003, provides as follows:

> In an action certified as a class action, the court may award reasonable attorney fees and nontaxable costs authorized by law or by agreement of the parties as follows:
> (1) Motion for Award of Attorney Fees. A claim for an award of attorney fees and nontaxable costs must be made by motion under Rule 54(d)(2), subject to the

5

> provisions of this subdivision, at a time set by the court. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.
> (2) Objections to Motion. A class member, or a party from whom payment is sought, may object to the motion.

Fed. R. Civ. P. 23(h). In addition, the official Advisory Committee Notes to Rule 23(h) clearly state that where a settlement is being considered, the notice of the motion for fees should accompany the notice of settlement. The committee notes provide, in pertinent part,

> Subdivision (h) is new. . . . Class action attorney fee awards have heretofore been handled, along with all other attorney fee awards, under Rule 54(d)(2), but that rule is not addressed to the particular concerns of class actions. . . . *When a settlement is proposed for Rule 23(e) approval, either after certification or with a request for certification, notice to class members about class counsel's fee motion would ordinarily accompany the notice to the class about the settlement proposal itself.*"

Fed. R. Civ. P. 23(h) advisory committee's note (emphasis added). It is clear from both the rule itself and the committee note that notice of a motion for attorney's fees to class members is required. This is in line with the holding of *Venegas*; the right to seek attorney's fees is the clients'. Contrary to Defendants' assertions however, the language of the advisory committee's note does not make the *timing* of such notice mandatory. The note simply provides when such notice "would ordinarily" be given.

Plaintiffs did not provide notice of their Petition in a timely manner. This failure should not serve as a basis for denying Plaintiffs' Petition. After a conference with the Court and Defendants, Plaintiffs provided the appropriate notice of their impending Petition. This delay is not an appropriate basis upon which to deny the Petition for fees.

### B.     The Settlement Agreement

Both Defendants and Plaintiffs place strongly emphasize the fact that provisions either

expressly barring or expressly allowing the recovery of attorney's fees were present at some point during the settlement negotiation process, only to be later have them removed. Both Parties argue that removing the relevant provisions constituted a waiver. The question then becomes whether the burden of having a provision in the settlement agreement either barring or allowing attorney's fees and costs to be recovered falls on Plaintiffs or Defendants. Put another way, the issue is whether the default rule allows for a subsequent Section 1988 motion, where the settlement agreement is silent on the issue.

As a general matter, courts have accepted the proposition that a Party can bargain away the statutory right to attorney's fees. With respect to Section 1988, the Supreme Court has stated the following:

> The statute and its legislative history nowhere suggest that Congress intended to forbid all waivers of attorney's fees - even those insisted upon by a civil rights plaintiff in exchange for some other relief to which he is indisputably not entitled - anymore than it intended to bar a concession on damages to secure broader injunctive relief.

*Evans v. Jeff D.*, 475 U.S. 717, 730-32 (1986) (footnote omitted).

Defendants argue that the broad scope of the settlement agreement precludes an action for attorney's fees. In support of their argument, Defendants cite *Jennings v. Metropolitan Gov't of Nashville*, 715 F.2d 1111 (6th Cir. 1983). In *Jennings*, the Sixth Circuit disallowed a claim for attorney's fees where the parties had entered into a settlement agreement silent on the issue. The court stated that "[t]he question more properly before the District Court was whether the parties intended the settlement to be a final disposition of all claims . . . the silence of the parties regarding attorneys' fees is not controlling." *Id.* at 1114.

In determining whether the parties intended a final disposition of all claims, *Jennings* relied

7

on the fact that the district court's order of dismissal "left nothing for the District Court to decide." *Id. Jennings* clearly demonstrates that a specific waiver is not necessary for a later action for attorney's fees to be barred.

The Sixth Circuit again considered this issue in *Toth v. United Auto. Aerospace and Agr. Implement Workers of America UAW*, 743 F.2d 398 (6th Cir. 1984). The settlement agreement at issue in *Toth* contained the following provision: "This agreement constitutes the *full and complete* settlement of *all* claims, allegations, or other causes of *action* . . . ." *Id.* at 406 (emphasis in original). Citing to *Jennings*, the *Toth* court concluded that "the parties, through this settlement agreement, made a final disposition of all claims, including any request for attorneys' fees, *regardless of whether or not such fees were specifically mentioned in that agreement.*" *Id.* at 406-07 (emphasis added). *See also Forest Hills Utility Co. v. City of* Heath, 762 F.2d 1007 (6th Cir. 1985) (unpublished opinion); *Fulford v. Forest Hills Eagle Supermarket*, 822 F.2d 1088 (6th Cir. 1987) (unpublished opinion).

Other Circuits have reached a similar result. In an opinion by now Justice Ruth Bader Ginsburg, the D.C. Circuit stated as follows:

> In view of the sweep of the release, we hold that it was incumbent on plaintiffs - or, more realistically, their counsel - explicitly to reserve the issue of attorneys' fees in order to remove the matter from the 'complete [ ], final [ ], and absolute [ ]' settlement of plaintiffs' 'claims and demands.' . . . Under the circumstances presented here, the burden of preserving the complaint's demands for fees from preclusion by the release is properly assigned to the party whose compensation is at stake.

*Elmore v. Shuler*, 787 F.2d 601, 602-03 (D.C. Cir. 1986). The Eighth and Ninth Circuits have also held as such. *See, e.g., Young v. Powell*, 729 F.2d 563, 566-67 ("Attorney's fees were prayed for in the original complaint and were one of the issues involved in this case. As such they were clearly

within the scope of the settlement agreement of the parties. . . . *If a settlement does not resolve all issues in a case, the parties should not stipulate to a dismissal without reserving the unresolved issues or in some appropriate way indicating their intent as to such issues.*") (emphasis added); *Shutes v. Harrisburg Elementary School*, 201 F.3d 445 (9th Cir. 1999) (unpublished opinion) (holding the sweeping language of the settlement agreement clearly and unambiguously prevented plaintiffs' right to attorney's fees).

Plaintiffs rebut Defendants' contentions by relying, in large part, on a Ninth Circuit case holding that "any party wishing to foreclose a suit for § 1988 fees must negotiate a provision waiving attorney's fees." *Muckleshoot Tribe v. Puget Sound Power & Light Co.*, 875 F.2d 695, 698 (9th Cir. 1989); *accord, Ashley v. Atlantic Richfield Co.*, 794 F.2d 128, 138-39 (3d Cir. 1986). In *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998), the Tenth Circuit discussed the policy underpinnings of Section 1988:

> This rule [the *Muckleshoot* rule] best furthers the policy behind § 1988, which not only allows a civil rights claimant to pursue meritorious constitutional claims without having to pay an attorney out-of-pocket, but also encourages 'competent attorneys to prosecute those claims. Moreover, our result does not conflict with, but instead furthers, the presumption in favor of awarding attorneys' fees.

*Ellis*, 163 F.3d at 1201 (internal citation and footnote omitted). *Ellis* noted that where the settlement language is inconclusive the "examination must focus on whether such fees were discussed and intended to be covered by the settlement." *Id.* at 1200. In *Ellis*, the court found the settlement agreement was in fact ambiguous on this issue, and remanded the matter to the trial court for further proceedings to determine whether attorney's fees were discussed and covered by the settlement. *Id.*

A district court from this Circuit has had the opportunity to compare *Ellis* with *Jennings*. *See Reed v. Wehrmann*, 159 F. Supp. 2d 700 (S.D. Ohio 2001). *Reed* refused to enforce a purported

9

settlement agreement due to a finding that the terms of the agreement were "not reasonably certain and clear." *Id.* at 706. In reaching this conclusion, the district court reasoned as follows

> [T]he case at bar is more like *Jennings*, in that there is no question that the issue of attorney's fees was addressed, and the intent of the parties may be discerned from those facts. . . . the parties' prior negotiations indicate that the issue of attorney's fees had been addressed, and that Plaintiff's counsel believed their insistence upon being paid the 'full measure' of their fees to be a 'roadblock to settlement.' Additionally, Defendants rejected Plaintiff's offer to accept $8,000 in attorney's fees. As Defendants argue, *it defies logic that Defendants would reject an offer to pay $8,000 in attorney's fees and then shortly thereafter agree to settle the case and be liable for an unknown, but certainly much more substantial amount of fees*.

*Id.* (citation omitted) (emphasis added).

Here the settlement agreement is reasonably clear and certain. The Court's October 7, 2004 Order, approving and incorporating the settlement agreement, contained the following language:

> The Plaintiff Class Representatives, the Named Plaintiffs and all Settlement Class Members, are hereby barred and permanently enjoined from prosecuting, commencing, or pursuing any proceedings on such claims arising from the facts alleged in the Mass Complaint against Defendants . . . except as provided by the terms of the Class Action Settlement.

(Oct. 7, 2004 Order at ¶ 9). This language bears close resemblance to that found in *Toth*. In fact, the language found in this settlement agreement is even broader and more emphatic. Defendants correctly assert that while the agreement allows Plaintiffs to bring an independent action for "'barrier related environmental conditions,' . . . there is absolutely nothing in the agreement that allows or even suggests that Plaintiffs are authorized to bring a claim for attorney fees to the Court." (Defs.' Br. in Opp. to Mot. for Att. Fees at 8).[3] As such, Plaintiffs waived their claim for attorney's

---

[3] The Eighth Circuit made the following observation, equally applicable in this case, in *Young*: "The Court is doubtful that the defendants would have accepted those settlement terms if they had any idea that by doing so they would obligate themselves to pay up to $24,000 to plaintiff's attorney." *Young*, 729 F.2d at 565-66. This may be an even more poignant factor presently, as Plaintiffs seek nearly $600,000 worth of attorneys' fees.

fees and costs by signing the settlement agreement.

The law, both from this circuit and others, demonstrates that where the parties enter into a broad settlement of all claims, it should be interpreted to include any claims for attorney's fees. Such is the case with these Parties' settlement agreement. The language making Plaintiffs "barred and permanently enjoined from prosecuting, commencing, or pursuing any proceedings on such claims arising from the facts alleged in the Mass Complaint against Defendants" is broad and unambiguous. Absent the express reservation of the right to subsequently seek attorney's fees, Plaintiffs are precluded from doing so.

### C. Waiver

Defendants argue that Plaintiffs, by dropping their provision allowing for a subsequent motion for attorney's fees, impliedly waived their right to file such a motion. (See Defs.' Br. in Opp. to Mot. for Att. Fees at 15). The Court need not reach this issue, as the settlement agreement alone precludes such an action. Since the Court finds that Plaintiffs' Petition is barred by the settlement agreement itself, then it must also find that Plaintiffs have waived their right to seek attorney's fees.   **D.   Prevailing Parties**

This issue need not be reached, since the Court decides that the settlement agreement precludes a motion for attorney's fees.[4]

## V. CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' Petition for Attorneys' Fees and Costs.

---

[4] The Court received a supplemental submission from Plaintiffs on the issue of prevailing parties noting a recent decision by the Federal Circuit Court of Appeals, *Rice Services, Ltd. v. United States*, 405 F.3d 1017 (Fed. Cir. 2005). In response, Defendants filed a Motion to Strike Plaintiffs' Supplemental Brief on June 15, 2005. As noted above, the Court does not reach the issue of prevailing parties. Defendants' Motion is therefore moot.

Defendants' Motion to Set Aside and Motion to Enforce the Settlement Agreement are therefore moot.

Accordingly,

IT IS ORDERED that Plaintiffs' Petition for Attorneys' Fees and Costs **[Docket No. 92, filed October 22, 2004]** is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Set Aside **[Docket No. 93, filed October 25, 2004]** is DENIED as moot.

IT IS FURTHER ORDERED that Defendants' Motion to Enforce Settlement **[Docket No. 96, filed November 19, 2004]** is DENIED as moot.


      /s/ Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED:   August 15, 2005