UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUADALUPE LUCERO, as Next Friend
of ADAN LUCERO et. al.

      Plaintiffs,

v.
      Case No.: 01-CV-72792-DT
      Hon. Denise Page Hood

DETROIT PUBLIC SCHOOLS,
a Municipal Corporation, et. al.,

      Defendants.
_____

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART PLAINTIFFS' MOTION FOR COSTS AND FEES**

**I. Introduction & Statement of Facts**

      Defendants filed a Motion to Amend Orders to Add Statutory Language Permitting Interlocutory Appeal. Plaintiffs filed a responsive pleading and the matter was set for hearing on February 4, 2004. Plaintiffs' counsel timely arrived for the motion proceeding. However, counsel for the Defendants did not appear. The Court acknowledged that it was very uncharacteristic for defense counsel in this case to fail to appear for a court proceeding in light of the fact that there have been many court proceedings in this case, and there has always been legal representation present for the defense. A member of the Court's staff placed a phone call to defense counsel's office, at which time it was discovered that the attorney scheduled to appear for the motion hearing was no longer employed with the law firm and there was no replacement for the hearing.

      Plaintiffs' counsel desired to be heard on the record, at which time Ms. Julie Hurwitz, counsel for Plaintiffs, requested that Defendants' Motion be dismissed due to the failure of defense counsel

to appear for the hearing proceedings. Plaintiffs' counsel also requested that defense counsel be sanctioned, as time was expended by Plaintiffs' counsel in the preparation of and the appearance for the motion proceeding. The Court informed Plaintiffs' counsel that the motion would be adjourned and that a written motion would be necessary in order for a ruling to made regarding sanctions.

This matter is before the Court on Plaintiffs' written Motion for Costs and Fees. Defendants have filed a responsive pleading.

## II. Standard of Review

The standard of review under Rule 11 is no longer one of subjective good faith. Instead, the standard is one of reasonableness under the circumstances. *Lindsey v. Jansante*, 806 F.Supp. 651, 655 (E.D. Mich. 1992); *Cochran v. Ernst & Young*, 758 F.Supp. 1548, 1559 (E.D. Mich. 1991).

## III. Applicable Law & Analysis

Plaintiffs argue that reimbursement of costs and fees for Plaintiffs' counsel's time in preparing a response to Defendants' Motion to Amend Orders to Add Statutory Language Permitting Interlocutory Appeal and the time in preparing the Motion for Costs and Attorney Fees should be incurred by Defendants. *(See Exhibit 3 of Plaintiff's Motion)*. Additionally, Plaintiffs' counsel requests that they be compensated for the time spent appearing for the February 4, 2004 motion proceeding and the appearance for these motion proceedings. *Id.*

Defendants state that although there are multiple attorneys named as legal counsel for the Defendants in this case, the attorney who was to handle the February 4, 2004 hearing drafted the Motion and was to appear for the motion hearing alone. This same attorney, however, left the firm in January, 2004, and this particular hearing date was not transferred to co-defense counsel's schedule. It appears this was an inadvertent mistake that there was no coverage for the hearing by

the law firm representing the Defendants. An attorney was eventually sent from defense counsel's office for the purpose of requesting on the record a continuance of the motion proceedings. However, the matter was concluded before counsel was present to make a record of his request.

Plaintiffs seek sanctions pursuant to Fed. R. Civ. P. 11 and L.R. 11.1. Rule 11 states as follows:

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

L.R. 11.1 gives this Court the discretion to impose an appropriate sanction upon the attorneys, law firms, or parties that have knowingly violated the Local Rules or are responsible for the violation.

To determine whether Rule 11 has been violated, this Court must assess whether the individual's conduct was objectively reasonable under the circumstances. *Business Guides v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 554 (1991); *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir.1990). *Jackson v. Law Firm*, 875 F.2d 1224, 1229-30 (6th Cir.1989), sets out the factors to be considered when making an award of sanctions under Rule 11. The first and most important factor is deterrence. *Id.* at 1229. Second, the sanctions are meant to compensate the party receiving the award for expenses incurred in litigating the improperly filed suit and the sanctions motion. These two factors must be balanced.

Because deterrence is the primary goal, the minimum amount necessary to deter the sanctioned party is the proper award, even if this amount does not fully compensate the moving party. *Id.* The third factor is mitigation. The moving party must mitigate its expenses by not expending useless effort on frivolous actions. That party "must act [ ] promptly and avoid[ ] any

3

unnecessary expenses in responding to papers that violate the rule." *Id.* at 1230. Finally, there must be a consideration of the sanctioned party's ability to pay. The idea is not to bankrupt an attorney, but to deter him from repeating the conduct prohibited by Rule 11. *Danvers v. Danvers*, 959 F.2d 601, 604 (6th Cir. 1992). Therefore, any sanctions imposed should be no more severe than is necessary to deter these abuses. *See Fed.R.Civ.P. 11(c)(2); Jackson, supra.*

In fashioning an appropriate sanction, the court may consider past conduct of the individual responsible for violating Rule 11. *Kramer v. Tribe,* 156 F.R.D. 96, 104 (D.N.J.1994). Rule 11 gives the court wide discretion in selecting an appropriate remedy, including the authority to issue directives of a non-monetary nature. Fed.R.Civ.P. 11(c)(2), *See, Tidik v. Ritsema,* 938 F.Supp. 416, 427 (E.D. Mich. 1996).

Applying the case law to the facts of this case, the Court does not find that Defendants' conduct was so unreasonable under the circumstances to warrant an award of sanctions in the amount Plaintiffs are requesting, $4,458.00. Defense counsel does not have a history of failing to appear for court proceedings, nor was defense counsel's failure to appear intentional or due to dilatory actions. Therefore, sanctions should not be imposed for the purpose of deterrence. Moreover, Defendants argue that it "is facing a $78 million dollar deficit" which is a factor that goes to Defendants' ability to pay. The time spent preparing for the subject motion was work that had to be performed despite defense counsel's non-appearance for the hearing. The Court is mindful that Plaintiffs' counsel took time to travel to court for the motion proceedings and spent time in court waiting for defense counsel to appear. This factor alone, and balanced with those listed above, does not warrant an award presently. Accordingly, the Court, in its discretion will not award the costs sought by Plaintiffs in their Motion.

Relative to the Plaintiffs' request for costs and fees related to the preparation of and appearance for this Motion for Costs and Fees, the Court finds that granting Plaintiffs' request would be tantamount to the imposition of severe sanctions upon defense counsel for the purpose of deterrence. Although, the Court acknowledges that but for defense counsel's actions, Plaintiffs' counsel would not have filed this Motion, balancing the factors set forth above with the facts of this case does not require sanctions.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion is DENIED.

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Costs and Attorney Fees **[Docket No: 81-1, filed March 18, 2004]** is DENIED.


    /s/ Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED:   August 15, 2005