UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GUADALUPE LUCERO, et. al**

        **Plaintiffs,**

                                                  **Case No. 01-CV-72792**

**v.**

                                          **HONORABLE DENISE PAGE HOOD**

**DETROIT PUBLIC SCHOOLS, et. al**

        **Defendants.**

_____/

## ORDER

**I.**     **INTRODUCTION**

This matter is before the Court on Defendants' Motion to Strike Plaintiffs' Supplemental Brief in Response to Defendants' Letter Dated May 25, 2002 and to Disclose New Evidence Regarding "Prevailing Party" Status; Plaintiffs' Motion to Alter or Amend Judgment, For Relief From Judgment or Order, and/or For Rehearing Or Reconsideration of Motion for Attorneys' Fees and Costs; and Plaintiffs' Request for Leave To File Reply To Defendants' Response to Plaintiffs' Motion To Alter or Amend Judgment, For Relief From Judgment or Order, and/or For Rehearing or Reconsideration of Motion For Attorneys' Fees and Costs.

Defendants filed the Motion to Strike Plaintiffs' Supplemental Brief in Response To Defendant's Letter Dated May 25, 2005 and To Disclose New Evidence Regarding "Prevailing Party" Status on June 15, 2005. Plaintiffs filed a Response in Opposition to Defendants' Motion to Strike Plaintiffs' Supplemental Brief and, in the Alternative, Request for Leave to File Supplemental Brief in Response to Defendants' May 25, 2005 Letter and Disclose New Evidence on June 29,

1

2005.

Plaintiffs filed a Motion to Alter or Amend Judgment, For Relief From Judgment or Order, and/or For Rehearing or Reconsideration of Motion For Attorneys' Fees and Costs on August 29, 2005. Defendants' filed a Response to the Motion to Alter or Amend on September 15, 2005.

Plaintiffs filed the Request for Leave to File Reply to Defendants' Response to Plaintiffs' Motion to Alter or Amend Judgment, For Relief from Judgment or Order, and/or For Rehearing or Reconsideration of Motion For Attorneys' Fees and Costs on September 26, 2005. Defendants filed a Response on October 4, 2005.

## II. PROCEDURAL HISTORY

On October 7, 2004, the Court issued an Order Approving the Settlement and Dismissing the Case. The Plaintiffs filed a Petition for Attorneys' Fees and Costs on October 22, 2004. Defendants filed a Motion to Set Aside the Settlement Agreement and Final Order on October 25, 2004. On November 19, 2004 Defendants filed a Motion to Enforce the Settlement. The Court issued an Order denying Plaintiffs' Petition for Attorneys' Fees and Costs, Defendants' Motion to Set Aside and Defendants' Motion to Enforce the Settlement.

## III. APPLICABLE LAW & ANALYSIS

### A. Defendants' Motion to Strike Plaintiffs' Supplemental Brief In Response To Defendants' Letter Dated May 25, 2005 and To Disclose New Evidence Regarding "Prevailing Party" Status

On October 7, 2004 the Court entered and Order Approving the Settlement and Dismissing the Case. Shortly thereafter, the Plaintiffs' filed a Petition For Attorneys' Fees and Costs (October 22, 2004). The parties filed their respective response and reply briefs, and oral arguments were heard. (Defs.' Mot. To Strike at 1). After oral arguments both parties submitted letters to the Court

addressing the applicability of *Rice Servs. Ltd. v. United States*, 405 F.3d 1017. *Id*. Plaintiffs then submitted a Supplemental Brief in Response to Defendants' Letter Dated May 25, 2005 and To Disclose New Evidence Regarding "Prevailing Party Status." *Id*. Defendants then filed the instant Motion To Strike Plaintiffs' Supplemental Brief In Response to Defendants' Letter Dated May 25, 2005 and To Disclose New Evidence Regarding "Prevailing Party Status." The Court has read all the supplemental pleadings and letters submitted to the Court.

On August 15, 2005 the Court issued a Order Denying Plaintiffs' Petition for Attorneys' Fees and Costs. As such, Defendants' Motion to Strike Plaintiffs' Supplemental Brief in Response To Defendant's Letter Dated May 25, 2005 and To Disclose New Evidence Regarding "Prevailing Party" Status is denied.

### B. Plaintiffs' Motion to Alter or Amend Judgment, For Relief From Judgment or Order, and/or For Rehearing or Reconsideration of Motion for Attorneys' Fees and Costs

#### 1. Standard of Review

Plaintiffs request that this Court reconsider, rehear, alter or amend the judgment based on Federal Rules of Civil Procedure 59(c) and 60 and Local Rule 7.1(g). Rule 59(e) of the Federal Rules of Civil Procedure allows a party to file a Motion to Alter or Amend Judgment within ten days of entry of the Judgment. The ten day time period cannot be extended by the district court if the motion is filed after a judgment has been entered. Fed.R.Civ.P. 6(b); *Peake v. First National Bank and Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983). The ten day time limit is jurisdictional and may not be altered or waived. *McCarthy v. Manson*, 554 F.Supp. 1275 (D.C. Conn. 1982).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

3

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served not later than ten days after entry of such order. E.D. Mich. LR 7.1(g)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing the motion, otherwise directs. E.D. Mich. LR 7.1(g)(2). In analyzing motions for reconsideration, the Court is guided by the standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3). This Court has discretion to grant or deny a motion for reconsideration. *Sommer v. Davis,* 317 F.3d 686, 691 (6th Cir. 2003).

### 2. Applicable Law and Analysis

Plaintiffs allege several reasons why the Court's August 15, 2005 Memorandum Opinion and Order Regarding Plaintiffs' Petition For Attorneys' Fees And Other Post-Settlement Motions must be altered or amended including (1) the Court failed to consider the Plaintiffs' Reply Brief, (Pls.'

Mot. To Alter ¶ 2), (2) the Court improperly found that Plaintiffs waived attorneys' fees, and (3) Plaintiffs are entitled to attorneys' fees and costs as prevailing parties.

As to Plaintiffs' first argument, that the Court failed to consider the Reply Brief, Plaintiffs argue that the Court failed to consider the Reply Brief as a result of a mistake of the Court, (Pls.' Mot. To Alter ¶ 14), which "severely and unfairly prejudiced" the Plaintiffs. *Id*. ¶ 15. Plaintiffs state on December 3, 2004, the due date for the Reply Brief, Plaintiffs' counsel hand delivered the Reply Brief to Court personnel, who informed Plaintiffs' counsel that he would "take care of it." *Id*. ¶ 12. Plaintiffs admit that they never filed the Reply Brief with the Court Clerk's Office. *Id*. ¶¶ 12-14. Plaintiffs argue that despite the failure of Plaintiffs' counsel to file the Reply Brief with the Court Clerk's Office, "Plaintiffs took all appropriate and proper steps to timely file their *Reply Brief*, and for whatever reason outside of Plaintiffs' control, it was never submitted to or reached this Court for consideration." *Id*. ¶ 14.

The Court notes that Plaintiffs' Reply Brief is not shown on the docket. Pursuant to Federal Rules of Civil Procedure 5(e), it is the parties' duty to properly file papers with the Court Clerks' Office. Fed.R.Civ.P. 5(e). Hand delivery of papers to the Court's chambers, instead of filing in the Court Clerk's Office, is not proper filing procedure. Plaintiffs' Reply Brief was not properly filed. In order for the Reply Brief to become a part of the official record it must be filed.[1]

Even though the Reply Brief was not appropriately filed, the Court notes that the arguments presented in the Reply Brief were ruled upon by the Court in its August 15, 2005 Opinion and Order denying Plaintiffs' Petition for Attorney's Fees. Plaintiffs' Reply Brief asserts three main arguments to support the contention that the Court should have granted the petition for attorneys' fees, namely:

---

[1]It should be noted that the Court has now reviewed Plaintiffs' Reply Brief.

(1) there was no express or implied waiver of the fees in the settlement agreement; (2) the Plaintiffs' are prevailing parties; and (3) the Defendants are not entitled to relief pursuant to Rule 23(h). (Pl.s' Mot. Amend, Ex. A). The Court addressed each of these issues in the August 15, 2005 Opinion and Order. The Court also cited cases in the Opinion and Order that were also cited by the Plaintiffs in the Reply Brief. Plaintiffs, while possibly showing a palpable defect in the failure to consider the Reply Brief, have not shown that the consideration of the Reply Brief would have changed the outcome of the decision. As such Plaintiffs' motion to amend or reconsider, based on the failure of the Court to consider the Reply Brief is denied.

As to Plaintiffs' second and third reasons that the Court should amend or reconsider its August 15, 2005 Opinion and Order, the Plaintiffs simply restate arguments that were ruled upon in the Court's Opinion and Order. The Court addressed the waiver of attorneys' fees in the settlement agreement and the prevailing parties argument in its August 15, 2005 Opinion and Order and held that the Plaintiffs waived a claim for attorneys' fees by the language in the settlement agreement and as such a motion for attorneys' fees and the issue of Plaintiffs' as prevailing parties was precluded. Since the Court has already ruled upon the issues presented in Plaintiffs' second and third arguments, the motion to amend or reconsider based on these reasons is likewise denied.

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Strike Plaintiffs' Supplemental Brief in Response to Defendants' Letter Dated May 25, 2005 and To Disclose New Evidence Regarding "Prevailing Party" Status **[Docket No. 118, filed June 15, 2005]** is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Alter or Amend Judgment, For Relief From Judgment or Order, and/or For Rehearing or Reconsideration of Motion for Attorneys' Fees

and Costs **[Docket No. 122, filed August 29, 2005]** is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Request for Leave to File Reply to Defendants' Response to Plaintiffs' Motion to Alter or Amend Judgment, For Relief From Judgment or Order, and/or For Rehearing or Reconsideration of Motion for Attorneys' Fees and Costs **[Docket No. 124, filed September 26, 2005]** is DENIED.

    /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: March 29, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager